United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FANG FANG,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GEAC ENTERPRISE SOLUTIONS,<br><br>　　　　Defendant.<br>_____/ | Case No. C-05-0128 JCS<br><br>**ORDER DENYING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY JUDICIAL PROCEEDINGS**<br>[Docket Nos. 19 and 27] |

## I.   INTRODUCTION

Fang Fang sued GEAC Enterprise Solutions, Inc. ("GEAC") for various causes of action related to GEAC's termination of her employment. GEAC filed a Motion to Compel Arbitration and Stay Judicial Proceedings ("Motion"), arguing that (1) Fang's claims fall within the scope of the arbitration agreement; (2) the arbitration agreement is enforceable under state and federal law; and (3) any unconscionable provision in the arbitration agreement can be severed. Fang counters that the arbitration agreement is unenforceable because (1) it is unconscionable; (2) the unconscionable provisions cannot be severed; and (3) Fang did not knowingly waive her discrimination and Employee Retirement Income Security Act (ERISA) claims and thus cannot be compelled to arbitrate those claims. For the reasons stated below, the Motion is DENIED.

## II.   BACKGROUND

In a June 18, 1998 letter, Extensity, Inc. ("Extensity") offered Fang Fang employment as a Software QA Engineer. Declaration of Colette McPherson in Support of Defendant GEAC Enterprise Solutions, Inc.'s Motion to Compel Arbitration and Stay Judicial Proceedings ("McPherson Decl."), Ex. A ("Offer") at 1. The Offer contains an arbitration agreement, which states:

> In the event of any dispute or claim relating to or arising out of our employment relationship, you and the Company [Extensity] agree that

> all such disputes shall be fully and finally resolved by binding arbitration conducted by the American Arbitration Association in Emeryville, California.
>
> However, we agree that this arbitration provision shall not apply to any disputes or claims relating to or arising out of the misuse or misappropriation of the Company's [Extensity's] trade secrets or proprietary information[.]

Offer at 1-2. Upon receipt of the Offer, Fang called Karen Cooper, the Human Resources contact Extensity listed in the Offer. Declaration of Fang Fang in Opposition to Defendant's Motion to Compel Arbitration and Stay Judicial Proceedings ("Fang Decl.") at ¶ 3. Cooper did not explain the terms to Fang, but did indicate that Extensity required Fang to sign the letter "if [she] wanted the position." *Id.* Fang read the Offer, but did not interpret the Offer to mean that she was waiving her right to a jury trial for possible employment discrimination or ERISA claims. *Id.* at ¶ 4. Fang signed the Offer and Extensity hired her on June 29, 1998. *Id.*; Complaint for Damages ("Complaint") at ¶ 10. In June 2000, Fang's job title changed to software engineer. Answer to Complaint for Damages ("Answer") at ¶ 10.

On March 6, 2003, Extensity merged with and into GEAC. Answer at ¶ 10; Declaration of Brad Steiner in Support of Defendant GEAC Enterprise Solutions, Inc.'s Motion to Compel Arbitration ("Steiner Decl."), Ex. A ("Merger Agreement") at 1. The Merger Agreement states that "[t]his Merger Agreement shall in all respects be construed, interpreted, and enforced in accordance with, and governed by, the law of Georgia." *Id.* at 3. As a result of the merger, GEAC acquired Extensity's standing to compel arbitration against Fang[1]. After the merger, Fang continued working at GEAC as a software engineer. Memorandum of Points & Authorities in Support of Defendant GEAC Enterprise Solutions, Inc.'s Motion to Compel Arbitration and Stay Judicial Proceedings ("P. & A.") at 1.

On July 28, 2004, GEAC terminated Fang's employment. Answer at ¶ 14. Fang, a Chinese female, was six (6) months pregnant at the time of her termination. Complaint at ¶¶ 5, 14. Fang filed an action for damages against GEAC, alleging causes of action for (1) racial and ethnic discrimination in violation of Section 12940 of the California Government Code (Fair Employment and Housing Act,

---

[1] In their briefs, the parties did not dispute that GEAC has standing to enforce the arbitration agreement. The Court agrees. *See Britton v. Co-op Banking Group*, 4 F.3d 742, 745-46 (9th Cir. 1993); Ga. Code. Ann. § 14-2-1106(a)(2) (2004).

United States District Court
For the Northern District of California

("FEHA")), 42 United States Code Section 1981, and 42 United States Codes Section 2000e *et seq.* ("Title VII"); (2) sex and pregnancy discrimination in violation of Title VII and Sections 12940 and 12945 of the California Government Code; (3) wrongful termination, in part because of Fang's pregnancy, in violation of California public policy; and (4) termination to avoid paying benefits in violation of Section 510 of ERISA, 29 United State Code Section 1140.

GEAC filed a motion to compel arbitration and stay the proceedings, arguing that Fang agreed to arbitrate claims relating to or arising out of her employment, her causes of action fall within the scope of the arbitration agreement, the arbitration agreement is not unconscionable or lacking in mutuality, and any unconscionable provision of the agreement can be severed. P. & A. at 1, 3, 8, 9. Fang, on the other hand, argues she did not knowingly waive her right to a jury trial of the discrimination and ERISA claims, and for that reason they are not arbitrable. Plaintiff's Opposition To Defendant's Motion To Compel Arbitration And Stay Judicial Proceedings ("Opposition") at 5. She also argues that the arbitration agreement is unconscionable and lacking in mutuality, and the offending provisions cannot be severed from the agreement. Opposition at 7-9.

### III. ANALYSIS

#### A. Legal Standard

Under the Federal Arbitration Act ("FAA"), "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2 (2000). Any party bound to an arbitration agreement that falls within the scope of the FAA may bring a motion in federal district court to compel arbitration and stay the proceeding pending resolution of the arbitration. *Id.* §§ 3, 4. The FAA eliminates district court discretion and requires the court to compel arbitration of issues covered by the arbitration agreement. *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). The FAA limits the district court's role to "determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys.*, 207 F.3d 1126, 1130 (9th Cir. 2000).

#### B. State Law Defenses to the Arbitration Agreement

The parties dispute whether the arbitration agreement in the Offer is unconscionable. Fang argues that the arbitration agreement contained in the offer is unconscionable because it is adhesive and lacks mutuality. Opposition at 8. GEAC argues that the agreement is not unconscionable because it does not lack mutuality. P. & A. at 8. This Court holds that the arbitration agreement in the Offer is unconscionable.

A state law defense, such as unconscionability, that applies to contracts generally may also invalidate an arbitration agreement. *Circuit City Stores v. Adams*, 279 F.3d 889, 892 (9th Cir. 2002). When determining whether an arbitration agreement is unconscionable, the district court must apply the laws of the state in which the arbitration contract was formed. *Id.* Under California law, a contract is unenforceable under the doctrine of unconscionability only if it is both procedurally and substantively unconscionable. *Armendariz v. Found. Health Psychcare Servs.*, 24 Cal. 4th 83, 114 (2000). The party seeking to invalidate the arbitration agreement bears the burden of proof on the elements of unconscionability. *Engalla v. Permanente Med. Group, Inc.*, 15 Cal. 4th 951, 972 (1997).

Procedural unconscionability focuses on the difference in bargaining power between the parties and the extent to which terms are hidden in long forms. *Stirlen v. Supercuts, Inc.*, 51 Cal. App. 4th 1519, 1532 (1997). An adhesive arbitration agreement is procedurally unconscionable. *Id.* at 1533. An adhesion contract is a standardized form contract drafted by the party with greater bargaining power who only gives the other party the choice to adhere to its terms or reject the contract entirely. *Id.* An arbitration agreement imposed on employees as a condition of employment without the opportunity to negotiate is adhesive. *Armendariz*, 24 Cal. 4th at 114-15.

Harsh or oppressive terms of an agreement are substantively unconscionable. *Stirlen*, 51 Cal. App. 4th at 1532. An arbitration agreement that does not even have a "modicum of bilaterality" is unfairly one-sided, and thus unconscionable. *Armendariz*, 24 Cal. 4th at 117. An arbitration agreement is unfairly one-sided when it "requires one contracting party, but not the other, to arbitrate all claims arising out of the same transaction or occurrence." *Id.* at 120. While the employer may choose to exempt certain types of claims from the scope of arbitration, the court will only enforce such an agreement if the employer establishes that business realities create a special need for the exception. *Id.* at 117, 120. This business justification must be explained in the contract itself or established factually. *Id.* at 117. In *Armendariz*, an arbitration agreement required the plaintiffs, but not the defendant, to submit to arbitration any claims arising

out of termination of the plaintiffs' employment with the defendant. *Id.* at 92. The court rejected the defendant's argument that the exception was justified by business realities. *Id.* at 121. Because the contract lacked mutuality with respect to these claims, the arbitration agreement was unconscionably one-sided. *Armendariz*, 24 Cal. 4th at 120. Based in part on this one-sidedness, the California Supreme Court reversed the lower court's judgment compelling arbitration. *Id.* at 127.

An agreement is also substantively unconscionable when it compels arbitration of claims the employee is more likely to bring, but exempts claims that the drafter is more likely to bring. *Fitz v. NCR Corp.*, 118 Cal. App. 4th 702, 724 (2004). In *Fitz*, the plaintiff sued her employer for employment discrimination in violation of FEHA. *Id.* at 709. She had previously signed an agreement to arbitrate almost all disputes relating to employment, including discrimination claims. *Id.* at 709. However, the arbitration agreement exempted disputes over trade secrets, noncompete agreements, and intellectual property. *Id.* at 725. The agreement required the party with less bargaining power, the employee, to arbitrate her most common claims, while the party with more bargaining power, the employer, retained its right to jury trial of its most common claims. *Id.* The court rejected the defendant's argument that the agreement was bilateral because both the plaintiff and defendant may litigate intellectual property ("IP") and noncompetition related claims in court. *Id.* The agreement would require the employee, but not the employer, to arbitrate claims arising out of the same occurrence. *Fitz*, 118 Cal. App. 4th at 725. For example, in a dispute arising out of the same termination, an employee who alleges discrimination would have to arbitrate her claim, whereas an employer who alleges misuse of trade secrets would not. *Id.* Thus, the court held the exception for noncompetition and intellectual property disputes substantively unconscionable. *Id.* at 726.

Here, the arbitration agreement contained in the offer is procedurally unconscionable because the agreement is a contract of adhesion. Although neither party has shown that the Offer is a standardized form used for all the employees, the letter is generic enough so that it could be used repeatedly for all new employees by changing a few variables such as the employee name and position. *Id.* Extensity, Fang's former employer, drafted the contract. Fang Decl. at ¶ 2. While neither party has made a factual showing that Extensity had greater bargaining power, the fact that Extensity was Fang's prospective employer implies that the company had the advantage. *See Armendariz*, 24 Cal. 4th at 115 ("few employees are in

a position to refuse a job because of an arbitration agreement"). It is undisputed that Extensity made Fang's acceptance of the arbitration agreement a condition of her employment. Fang Decl. at ¶ 3. Extensity's imposition of the agreement on Fang as a condition of her employment with a take-it-or-leave-it approach is sufficient to satisfy the threshold for procedural unconscionability in *Armendariz*. *See id.* at 115-16.

The arbitration agreement between Fang and GEAC is also substantively unconscionable for lack of mutuality because it requires arbitration of claims Fang is more likely to bring, but exempts claims that GEAC is more likely to bring. Similar to the arbitration agreement in *Fitz*, the Offer submits to arbitration almost all disputes relating to employment, including discrimination claims, but exempts "disputes or claims relating to or arising out of the misuse or misappropriation of the Company's trade secrets or proprietary information." Offer at 2. The Offer requires the party with less bargaining power, Fang, to arbitrate her most common claims, while the party with more bargaining power, GEAC, retains its right to jury trial of its most common claims. GEAC has not even offered a business justification for this requirement. As in *Fitz*, the agreement does not shed its one-sidedness because both the plaintiff and defendant may litigate disputes regarding trade secrets and proprietary information in court. Thus, the Offer's exception for disputes over trade secrets and proprietary information is substantively unconscionable.

### C. Severance of Unconscionable Provisions

The parties dispute whether the unconscionable provision in the Offer may be severed. Fang argues that the arbitration agreement contained in the offer is not severable because a term of the offer lacking in mutuality cannot be "struck without prejudicing" Fang. Opposition at 10. GEAC argues that any unconscionable provision of the Offer can be severed because such a provision may be removed without needing to add additional terms. P. & A. at 9. This Court holds that the unconscionable term of the Offer is not severable.

Under California law, a court has discretion to sever an unconscionable term of a contract or refuse to enforce the entire contract based on the unconscionable term. *Ingle*, 328 F.3d at 1180. When deciding whether to sever an unconscionable term, the overarching concern is whether severance furthers the interests of justice. *Armendariz*, 24. Cal. 4th at 124. If the unconscionable term taints the main purpose of the contract with illegality, then the entire contract is unenforceable. *Id.* On the other hand, if the illegality is

secondary to the central purpose of the contract, severance of the term is appropriate as long as the contract can be made legal without the court adding additional terms. *Id.* Severance is favored where it would [1] prevent parties from enduring undeserved harm or gaining undue benefit or [2] preserve a contractual relationship without condoning an illicit scheme. *Id.*

In *Fitz*, the court held that the two unconscionable provisions of the contract could not be severed. *Fitz*, 118 Cal. App. 4th at 728. The lack of mutuality of the exception for IP and noncompete claims, in combination with another unconscionable term, "'indicate[d] a systematic effort to impose arbitration on an employee not . . . as an alternative to litigation, but as an inferior forum that works to the employer's advantage.'" *Id.* at 727 (internal citations omitted). Thus, in combination with another unconscionable term, the lack of mutuality tainted the main purpose of the contract with illegality. *See id.*; *see also Armendariz*, 24 Cal. 4th at 124 (holding that where lack of mutuality, in combination with another unconscionable term, indicates an effort to impose arbitration on an employee as an inferior forum, a court may conclude that an unlawful purpose permeates the arbitration agreement). Furthermore, the court noted that neither of the two *Armendariz* factors favoring severance were present. *Id.* Severance would allow the defendant to gain undue benefit from its unconscionable term because it would not deter the employer from including illegal terms in its arbitration agreements. *Id.* at 727-28. Instead, an employer could include such terms knowing that the worst penalty would be severance. *Fitz*, 118 Cal. App. 4th at 727. Furthermore, there was no contractual relationship for the court to preserve because the employment relationship between defendant and plaintiff had terminated. *Id.* Thus, the court held the unconscionable provisions not severable and affirmed the lower court's denial of the defendant's motion to compel arbitration. *Id.* at 728.

Here, the unconscionable term of the contract is not severable. The lack of mutuality of the exception for trademark and proprietary information disputes shows that GEAC wishes to impose arbitration on Fang not as an alternative to litigation, but as an inferior forum that works to GEAC's advantage. This lack of mutuality taints the main purpose of the contract with illegality. *Cf. O'Hare v. Mun. Res. Consultants*, 107 Cal. App. 4th 267, 279 (2003) (concluding that because lack of mutuality "permeates the entire agreement, severance is not appropriate"). Furthermore, GEAC would gain undue benefit from severance. Severance would not deter GEAC from including illegal terms in its future offers of

employment because GEAC would know that the worst penalty would be severance. In addition, there is no contractual relationship to preserve because GEAC terminated Fang's employment. Answer at ¶ 14. Thus, none of the reasons favoring severance apply here. Because the lack of mutuality taints the central purpose of the arbitration agreement in the Offer, it cannot be enforced.

GEAC argues that *Little v. Auto Stiegler, Inc.* supports the conclusion that the term of the Offer exempting from arbitration trade secret and proprietary information disputes can be severed. Motion at 9 (citing 29 Cal. 4th 1064, 1074 (2003)). In *Little*, the plaintiff-employee signed an agreement that submitted to arbitration any dispute relating to his employment with the defendant. *Id.* at 1069-70. The arbitration agreement covered both the plaintiff's and his employer's claims. *Id.* at 1070. The agreement contained a provision that allowed either party to appeal an arbitrator's award exceeding $50,000. *Id.* The court noted that this arbitral appeal provision was different in kind from provisions that subject the employee's, but not the employer's claims to arbitration. *Id.* at 1071-72. The court held the arbitral appeal provision unconscionable. *Id.* at 1074. The court then proceeded to sever the provision, noting that there was only a single unconscionable provision that could be severed without requiring reformation of the arbitration agreement. *Id.* at 1075. The court also concluded that, at the time the arbitration agreement was signed, the state of the law regarding arbitral appeals provisions was not clear enough to conclude that the defendant drafted the provision in bad faith. *Little*, 29 Cal. 4th at 1075-76. Thus, the court severed the arbitral appeal provision. *Id.* at 1076.

GEAC argues that the unconscionable provision in the Offer should be severed because there is only one unconscionable provision that can be stricken without adding new terms and the Offer was signed in 1998, before the ruling in *Armendariz*. Motion at 9. In effect, GEAC argues that a stand-alone unconscionable term must always be stricken from an adhesive employment agreement as long as the employer inserted the term before the ruling in *Armendariz*. The Court is not convinced that the decision to sever, a justice-based inquiry, supports such a formulaic application. *Little* is distinguishable because the unconscionable provision at issue there did not indicate in and of itself that the employer was acting in bad faith at the time it inserted the provision. Here, however, GEAC's exemption of trade secrets and proprietary information claims from arbitration without any business justification indicates that GEAC wished to unfairly "maximize employer advantage" by imposing arbitration on Fang "not simply as an

alternative to litigation, but as an inferior forum that works to [GEAC's] advantage." *Armendariz*, 24 Cal. 4th at 118, 124. Given the implication of GEAC's insertion of this term, no separate showing of bad faith is required to conclude that it would be unjust to sever the term from the Offer. Thus, the Court DENIES GEAC's motion to compel arbitration[2].

Because the arbitration agreement in the Offer is unenforceable due to a state law defense, this Court does not resolve the parties' disputes over whether Fang knowingly waived her statutory employment discrimination claims or whether the ERISA claims are arbitrable under the FAA.

## IV. CONCLUSION

Defendant's Motion to Compel is DENIED. Defendant's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

Dated: July 22, 2005

                                        /s/ Joseph C. Spero
                                        JOSEPH C. SPERO
                                        United States Magistrate Judge

---

[2] On June 29, 2005, GEAC filed a letter asking this Court to "entertain a motion for reconsideration." Letter from Melinda S. Riechert, Morgan Lewis & Bockius LLP, to Magistrate Judge Joseph C. Spero, United State District Court, Northern District (June 29, 2005) ("Riechert Letter"). The Court interprets the Riechert Letter as a Motion for Reconsideration. The letter argues that a case issued after the hearing on the Motion to Compel, *Discover Bank v. Superior Court*, shows that the unconscionable provision can be severed from the Offer. Riechert Letter at 2 (citing No. S113725, 2005 WL 1500866 (Cal. June 27, 2005)). However, *Discover Bank* is distinguishable because the unconscionable provision at issue there was a provision waiving class arbitration. 2005 WL 1500866, at *8. Furthermore, *Discover Bank* never even explicitly addressed the severability of the class arbitration waiver. *Id.* at *1-*17. Thus, the Motion for Reconsideration is DENIED.